IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

Case No. 15-cv-04055 (PJS/LIB)

Fairview Health Services,

Plaintiff,

vs.

Humana Inc.,

Defendant.

**HUMANA INC.'S
MEMORANDUM IN SUPPORT
OF MOTION TO DISMISS**

## INTRODUCTION

The question raised by this motion is whether a healthcare provider, relying on an assignment from a Medicare beneficiary, may file suit against a government contractor (Humana[1]) based on that contractor's administration of Medicare benefits under contract with the federal government. This case, therefore, necessarily arises under the Medicare Act. Under that Act and abundant case law, the answer is a resounding "No" for at least three reasons:  (1) plaintiff failed to pursue and exhaust the administrative appeals process required by 42 U.S.C. §405(h) of the Medicare Act; (2) plaintiff has not filed suit against the Secretary for review of the Secretary's decision, as required by 42 U.S.C. §1395w-22(g)(5) and §405(g) and (h); and (3) federal law preempts the state law causes of action asserted by plaintiff.

---

[1] Humana Insurance Company is the wholly owned subsidiary of Humana Inc. that administered the Medicare Advantage program at issue in this case.

# I.   BACKGROUND

## A. The Medicare System

Medicare is a system of federally funded health insurance for people age 65 and older, certain persons with disabilities, and persons with End Stage Renal Disease. Congress enacted the Medicare Program as Title XVIII of the Social Security Act ("Medicare Act"). The Medicare Act (42 U.S.C. §1395 *et seq.*) is divided into five "Parts," three of which (Parts A, B and C) are relevant here.

Part A is automatic and provides hospital and certain other facility benefits for Medicare beneficiaries (42 U.S.C. §1395c to §1395i-5). Part B provides medical benefits. Congress refers to parts A and B as the "Medicare fee-for-service program option." *See, e.g.*, 42 U.S.C. §1395w-21(c)(3)(a)(1). In part because providers are paid based on how many services they provide with few controls on how many procedures they may provide, the original Medicare fee-for-service program option has proven to be very expensive.

Medicare Part C (42 U.S.C. §1395w-21 to §1395w-29) authorizes Medicare's other option for medical benefits. Congress enacted Medicare Part C in the hope that it would lead to a more efficient and less expensive Medicare program. *See* HR REP. No. 105-217, at 585 (1997) (Conf. Rep.) (stating that Part C was intended to enable "innovations that have helped the private market contain costs and extend healthcare delivery options.") Congress initially called this program "Medicare + Choice." In 2003, Congress strengthened and renamed the program "Medicare Advantage." The Medicare Act guarantees eligible Medicare beneficiaries the right to elect to receive Medicare benefits either through the original Medicare fee-for-service program option or through a Medicare

Advantage plan. *See United HealthCare Ins. Co. v. Sebelius*, 774 F. Supp. 2d 1014, 1019 (D. Minn. 2011) ("Part C, formerly known as Medicare + Choice, allows beneficiaries to receive their Part A and Part B benefits through a MN organization, such as United"). In either case, the benefits are Medicare benefits. *Id*. The Secretary of HHS is the federal officer responsible for the Medicare program. But for most purposes, the Secretary has delegated authority over the Medicare program to a subunit of HHS, the Centers for Medicare and Medicaid Services ("CMS"). The Secretary, through CMS, regulates the Medicare Part C program in great detail through regulations, Medicare manuals, other sub-regulatory guidance, and a seemingly constant stream of directives. To provide for the practical, day-to-day administration of the Medicare program, CMS frequently acts through contractors – i.e., private companies performing public functions. Under the Medicare Advantage option, public and private organizations adjudicate Medicare benefits pursuant to contracts with the Secretary. Those government contractors are sometimes called Medicare Advantage Organizations ("MAOs"). Humana is an MAO.

**B.     Factual History of the Dispute**

B. Nivala ("Nivala") is a Medicare beneficiary who elected to receive Medicare benefits through a Medicare Advantage "Gold Choice" plan offered by Humana pursuant to a contract between CMS and Humana (Complaint, ¶ 4; Declaration of Toneda Babbage, submitted herewith, ¶¶ 4- 6).

According to plaintiff's Complaint, Nivala was admitted to the University of Minnesota Medical Center, Fairview, on March 3, 2012 for inpatient mental health services (Complaint, ¶ 5). The Complaint alleges that Nivala's inpatient stay continued

through April 24, 2012 and that Humana paid only a portion of the charges incurred for those services (Id., ¶¶ 5-6). The Complaint further alleges that the inpatient services rendered to Nivala from March 23 through April 24, 2012 were pursuant to a court-ordered mental health commitment (Id., ¶ 8). Plaintiff claims it is proceeding under assignment of Nivala's right to Medicare benefits under Humana's Gold Choice plan. Plaintiff challenges Humana's adjudication of the claim for payment of Medicare benefits, alleging breach of contract and violation of a Minnesota statute pertaining to insurance coverage for court-ordered mental health services (Id. ¶¶ 18-29).

## C.      Procedural History

On October 9, 2015 plaintiff served its Complaint on Humana, venued in Minnesota State Court. On November 9, 2015 Humana removed the case to this Court under Federal Officer Removal jurisdiction pursuant to 28 U.S.C. §1442(a)(1).

## II.     LEGAL ARGUMENT

### A.      The Rule 12 Dismissal Standards

#### 1.      Federal Rule 12(b)(1)

A motion brought under Rule 12(b)(1) must be granted if the Court finds that it lacks subject matter jurisdiction or "authority to decide the claims." *Damon v. Gortebore*, 937 F. Supp. 2d 1048, 1063 (D. Minn. 2013). The party asserting jurisdiction bears the burden of proof. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

In deciding a Rule 12(b)(1) motion, the Court can consider either a "facial attack" or a "factual attack." *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990), quoting *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980). In a facial

attack, the Court looks only to the face of the Complaint, and gives the plaintiff the benefit of all reasonable inferences. *Biscanin v. Merrill Lynch & Co.*, 407 F.3d 905, 907 (8th Cir. 2003 (citations omitted). In a factual attack, the court "inquires into and resolves factual disputes," *Faibisch v. Univ. of Minn.*, 304 F.3d 797, 801 (8th Cir. 2002) and "considers matters outside the pleadings" in so doing. *Osborn*, 918 F.2d at 729, n.6.

Here, plaintiff initially brought its claims in state court and avoided pleading any facts – like Medicare – that would lay the groundwork for Humana's defense of failure to exhaust administrative remedies. Accordingly, Humana asserts a factual attack in this 12(b)(1) motion, and asks the court to consider the Declaration of Toneda Babbage, a Humana representative, which adds critical factual substance to the nonspecific Complaint allegations about the insurance contract at issue. The identity of the insurance policy as a Medicare policy unequivocally establishes that this court lacks authority to decide the case due to plaintiff's failure to exhaust administrative remedies and otherwise to comply with the requirements of federal Medicare law.

## 2.    Federal Rule 12(b)(6)

A complaint must be dismissed under Rule 12(b)(6) when it fails to allege a valid legal claim upon which relief could be granted. Generally, a court ruling on a motion to dismiss looks only to the complaint and its attachments. A court is permitted, however, to also rely on "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 317 (2007).

Here again, the Declaration of Toneda Babbage adds necessary clarification to plaintiff's Complaint allegation about the "Humana Gold Choice health insurance policy" under which Nivala was a covered individual (Complaint, ¶ 4). Because plaintiff is seeking Medicare coverage, and because the Court's understanding of the nature of this matter will be significantly aided by proof of that fact, Humana offers the Babbage Declaration to establish that Nivala was an enrollee in a Medicare Advantage Plan offered by Humana (Babbage Decl. ¶6), and that neither Nivala nor plaintiff has exhausted the Medicare appeals process required by federal law and also by the "Gold Choice" Medicare Advantage plan of which Nivala is a member (Babbage Decl. ¶8).

**B.    Federal Rule 12(b)(1) Requires Dismissal of Plaintiff's Complaint for Lack of Subject Matter Jurisdiction Because Plaintiff Failed to Exhaust Administrative Remedies Under 42 U.S.C. §405(h).**

Plaintiff's claims against Humana should be dismissed pursuant to Rule 12(b)(1) because the Medicare statutes and regulations restrict jurisdiction over claims that arise under the Medicare Act to those that have been properly appealed from a final administrative decision. Pursuant to 42 U.S.C. §405(h), federal courts are stripped of federal question subject matter jurisdiction in such cases; instead, the Act provides for an administrative hearing before the Secretary and judicial review of that decision in the form of a civil action in federal district court against the Secretary. "In order for the district court to exercise subject matter jurisdiction over a claim, it is fundamental that the claimant first present a claim for benefits to the Secretary and then exhaust the administrative remedies prescribed by the Secretary." *Titus v. Sullivan*, 4 F.3d 590, 592 (8th Cir. 1993), citing *Weinberger v. Salfi*, 422 U.S.749, 763-64 (1975).

Plaintiff failed to pursue or exhaust the Medicare appeals process, as required by law; and that process requires that plaintiff's suit in this court be an action against the Secretary for a review of the Secretary's final decision in that appeals process. Accordingly, this suit should be dismissed for lack of subject matter jurisdiction.

### 1.    Plaintiff must exhaust the administrative appeals process before filing suit on a claim for Medicare coverage.

Congress has created an administrative review process that allows Medicare beneficiaries to challenge adverse decisions.[2] Congress requires Medicare Advantage enrollees, and their assignees, to use that process. The Medicare Act bars judicial review of claims that "arise under" the Act except through the administrative appeals process. Claims that arise under the Medicare Act must be presented to the Medicare appeals process and that appeals process must be exhausted before judicial review is appropriate. *Heckler v. Ringer*, 466 U.S. 602, 604 (1984).

The U.S. Supreme Court has identified two circumstances in which a claim "arises under" the Medicare Act: (1) where the "standing and the substantive basis for the presentation of the claims" is the Medicare Act; and (2) where the claims are "at bottom" claims for Medicare benefits or are "inextricably intertwined" with a claim for Medicare benefits. *Id.* In this case, plaintiff's claims clearly arise under the Medicare Act. The impetus for the claim is that Humana, as the government contractor responsible for adjudicating Medicare benefits, did not pay the Medicare benefits plaintiff contends are

---

[2] The process is actually the Social Security appeal process codified in 42 U.S.C. §405(g), made applicable to Medicare by 42 U.S.C. §1395ff and §1395ii.

owed for the services rendered. Plaintiff is proceeding by way of assignment from a Medicare beneficiary. Its standing depends entirely on the fact that Nivala is a Medicare beneficiary. The Medicare Act likewise determines plaintiff's substantive rights, because it governs when Medicare benefits may be paid. As such, plaintiff's claims arise under the Medicare Act, and plaintiff is bound by the administrative review process set forth in the Medicare statutes and regulations.

Under the Medicare statutes and regulations, if a beneficiary (or a beneficiary's assignee) disagrees with the MAO's determination not to cover a service, the beneficiary or assignee may request the MAO to reconsider its decision. 42 U.S.C. §1395w-22(g)(2); 42 C.F.R. §422.578. If the MAO does not reverse its adverse decision on reconsideration, then it must send the case to an independent review organization ("IRO"), selected by CMS, for independent review. 42 U.S.C. §1395w-22(g)(4); 42 C.F.R. §422.592. If the IRO upholds the MAO's determination, and the amount in controversy is at least $1,000, the beneficiary may request a hearing and seek review before an Administrative Law Judge ("ALJ"). 42 U.S.C. §1395w-22(g)(5); 42 C.F.R. §422.600(a). The next level of review following the ALJ's determination is the Medicare Appeals Council ("MAC"). 42 C.F.R. §422.608. Judicial review may be sought either after consideration of the case by the MAC or, if the MAC declines review, directly after receipt of the ALF's decision. 42 U.S.C. §1395w-22(g)(5); 42 C.F.R. §422.612. Judicial review is appropriate only after the MAC has reviewed the case or declined to do so.

Courts have consistently held that the exhaustion requirement is preemptive and that failure to complete the administrative appeals process results in dismissal of the

plaintiff's suit. For example, the Court in *Do Sung Uhm v. Humana, Inc.,* 620 F.3d 1134, 1143 (9th Cir. 2010), stated, "Only once the Secretary has issued a final decision may the individual seek judicial review of that determination." Plaintiff has not completed the administrative appeals process (Babbage Decl. ¶8). This failure to exhaust the administrative remedies process mandates dismissal of this suit.

### 2. Plaintiff's Suit May Only Be Brought in Federal Court Against the Secretary, for Review of the Secretary's Final Decision.

Judicial review of Medicare benefit claims is restricted by federal statutes and regulations. "Judicial review of claims arising under the Medicare Act is available only after the Secretary renders a 'final decision' on the claim, in the same manner as is provided in 42 U.S.C. §405(g) for old age and disability claims arising under Title II of the Social Security Act." *Heckler*, 466 U.S. at 605. A claimant obtains a "final decision" from the Secretary "only after [he] has pressed his claim through all designated levels of administrative review." *Id.* at 606.

A beneficiary or provider may seek judicial review only by filing "a civil action in a district court of the United States in accordance with section 205(g) of the Act [42 U.S.C. §405(g)]." 42 C.F.R. §422.612. In such an action, 42 C.F.R. §405.1136(d)(1) mandates that "the Secretary of HHS, in his or her official capacity, is the proper defendant." Courts have uniformly enforced these requirements that a judicial challenge to a benefit determination by a Medicare beneficiary must be brought against the Secretary of HHS and in federal court, and only after the Secretary has issued a final decision in the

matter. *In Home Health Inc. v. Shalala*, 272 F.3d 554 (8th Cir. 2000) and cases cited therein.

In *Logan v. Sebelius*,[3] No.1:12-cv-00118-CL (D. Or. Aug. 6, 2012)(R&R adopted Sept. 24, 2012, granting MAO's Rule 12(b)(6) motion to dismiss), the Court stated, "By its plain language" 42 C.F.R. §405.1136(d)(1) provides that the Secretary 'is *the* proper defendant' in an action seeking judicial review pursuant to 42 U.S.C. §1395w-22(g)(5), not one of several defendants that must or may be named. Mid Rogue [the MAO] is therefore not a proper defendant in this action." *Id.*, p. 6. The Court in *Logan* appropriately granted the MAO's motion to dismiss because it was not the proper defendant. In this case, plaintiff has failed to follow §405(h). It did not file suit in a federal district court after completing the administrative appeals process; and it did not sue the only proper party defendant – the Secretary. Plaintiff's suit, which was improperly filed in state court against Humana and not against the Secretary, should be dismissed, as the Court lacks subject matter jurisdiction over plaintiff's claims.

## C.   The Medicare Act Preempts Plaintiff's State Law Claims.

Plaintiff's Complaint seeks payment of Medicare benefits under two causes of action: breach of contract and Minn. Stat. §62Q.535, relating to insurance coverage for court-ordered mental health services. As discussed above, 42 U.S.C. §405(h) bars judicial review except through a suit brought in the appropriate federal district court after completion of the Medicare appeal process. Any other remedy – including suit in state court under state law causes of action – would conflict with the exclusive federal remedy.

---

[3] This unpublished decision is attached hereto as Exhibit A.

"While this may, in some cases, foreclose avenues of relief generally available to civil litigants, it is also the system Congress clearly intended to implement. Any decision to modify this aspect of the system must be made by Congress, not by the courts." *Bodimetric Health Servs., Inc. v. Aetna Life & Cas.*, 903 F.2d 480, 490 (7th Cir. 1990). In short, with respect to any claim arising under the Medicare Act, conflict preemption applies.

Plaintiff's claim is clearly preempted under the Court's analysis in *Do Sung Uhm v. Humana, Inc.,* 620 F. 3d 1134 (9th Cir. 2010). In *Uhm*, the plaintiffs' breach of contract and unjust enrichment claims were premised on the fact that Humana did not pay for services for which it was obligated to pay. The Court in *Uhm* stated that the plaintiffs' claims were "merely creatively disguised claims for benefits." The Court explained:

> While the Uhms assert that they are not seeking to remedy a denial of benefits due under the Act, we find this argument unconvincing. ... Nor did they identify or describe in their complaint any provision creating obligations above and beyond Humana's obligations under the Act. Thus, there is no claim that the alleged contract imposed upon Humana any duties above and beyond compliance with the Act itself.

620 F.3d at 1143. The *Uhm* Court found that the plaintiffs' breach of contract and unjust enrichment claims were preempted by the §405(h) exhaustion requirement. In this case, plaintiff's claims are overt claims for benefits. They are clearly preempted by the §405(h) process and must be dismissed pursuant to Federal Rule 12(b)(6).

## CONCLUSION

Under the Medicare Act and its implementing statutes and regulations, assignees of Medicare beneficiaries must follow the administrative appeals

process required by 42 U.S.C. §405(h) if they have a claim arising under the Medicare Act. Federal law details an appeals process that culminates in a hearing before an administrative law judge. That judge's determination may be challenged in federal court but only in a suit brought against the Secretary since the decision of the administrative law judge is an administrative decision of the Secretary. The Medicare statutes and regulations provide that judicial review is available only after exhaustion of the administrative appeals process and only in a suit against the Secretary in federal court. Plaintiff did not complete the administrative appeals process, and did not sue the Secretary in federal court. Instead plaintiff tried to bypass the mandated appeals process and file suit in a state court alleging a state statutory cause of action. The law does not allow such circumvention and dictates that plaintiffs suit be dismissed for lack of subject matter jurisdiction and failure to state a claim.

WALLEN-FRIEDMAN & FLOYD, PA

Dated:  November 24, 2015              By:

Diana Young Morrissey, #147977
Paul M. Floyd, #147953
Wallen-Friedman & Floyd, PA
860 Rand Tower
527 Marquette Avenue S.
Minneapolis, MN 55402
612-338-3574
612-343-4818 (fax)

**COUNSEL FOR HUMANA INC.**